UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

CANDI LEVINE and MARK LEVINE,

                          Plaintiffs,                    No. 23-CV-3433

        -against-
                                                         COMPLAINT
PAUL J. HOOTEN and
PAUL J. HOOTEN & ASSOCIATES, PLLC,                       Jury Demanded

                          Defendants.
————————————————————————x

## Introduction

1.      Plaintiffs Candi Levine and Mark Levine (collectively, "Plaintiffs"), by
and through their attorney, Bromberg Law Office, P.C., files this complaint against
Defendants Paul J. Hooten and Paul J. Hooten & Associates (collectively,
"Defendants"), under the Fair Debt Collection Practices Act, New York General
Business Law § 349, and the laws of Negligence and Abuse of Process.

2.      In a nutshell, Defendants obtained a default judgment against Plaintiff
Candi Levine for an alleged medical debt in 2008. Defendants served a restraining
notice on TD Bank in February 2023, in which it included 9% statutory interest on
the judgment debt, even though the judgment creditor was only entitled to 2%
interest under N.Y. CPLR 5004. As a result, the bank froze $42,574.52 in an
account jointly held by Candi Levine and her husband, Mark Levine. This money is
still being restrained. Defendants then compounded their unlawful actions by filing
a turnover proceeding against, Plaintiffs and TD Bank to obtain the judgment
principal, plus unspecified interest. So contemptuous of Plaintiffs and the court

1

system are Defendants, that they did not even make service of the turnover petition upon Mark Levine, even though they were seeking to strip him of his rights to his funds in the joint bank account.

## Parties

3.    Plaintiff Candi Levine is a citizen of the State of New York who resides within New York County.

4.    Plaintiff Mark Levine is a citizen of the State of New York who resides within New York County.

5.    Candi Levine is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from her and her husband, Mark Levine, is a consumer debt, that Candi Levine purportedly owed to NYH-CUMC Department of Surgery.

6.    Mark Levine is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from him and his wife, Candi Levine, is a consumer debt, that Candi Levine purportedly owed to NYH-CUMC Department of Surgery.

7.    Defendant Paul J. Hooten is a lawyer with his offices in Mount Sinai, New York, which is located in Suffolk County.

8.    Defendant Paul J. Hooten represents NYH-CUMC Department of Surgery.

9.     Defendant Paul J. Hooten & Associates, PLLC is a law firm organized as a Professional Limited Liability Company in Suffolk County, with its offices in Mount Sinai, New York.

10.     Defendant Paul J. Hooten & Associates, PLLC represents NYH-CUMC Department of Surgery.

11.     Defendant Paul J. Hooten is a debt collector as defined by § 1692a(6) of the FDCPA.

12.     Defendant Paul J. Hooten & Associates, PLLC is a debt collector as defined by § 1692a(6) of the FDCPA.

13.     Defendant Paul J. Hooten uses instrumentalities of interstate commerce and the mails in its business, the principal purpose of which is the collection of debts.

14.     Defendant Paul J. Hooten & Associates, PLLC uses instrumentalities of interstate commerce and the mails in its business, the principal purpose of which is the collection of debts.

15.     Defendant Paul J. Hooten regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16.     Defendant Paul J. Hooten & Associates, PLLC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17.     The alleged debt that Defendants sought to collect from Plaintiffs is a consumer debt, as defined by § 1692a(5) of the FDCPA.

18.     The alleged debt that Defendants sought to collect from Plaintiffs was originally incurred for personal, family or household purposes.

19.     The alleged debt that Defendants sought to collect from Plaintiffs was a medical and/or surgical debt allegedly incurred by Plaintiff Candi Levine.

## Jurisdiction and Venue

20.     This Court has jurisdiction over Plaintiff's claims under 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

21.     This court has jurisdiction over Defendants because Defendants have at all times mentioned herein transacted business in the County of New York and elsewhere within the State of New York. The violations of law described herein occurred in the County of New York.

22.     Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

23.     Venue is also proper in this district because the interests of justice require maintenance of this action in this district.

## Facts

24.     In the early 2000s, Plaintiff Candi Levine had surgery for a serious and painful infection.

25.     In 2007, NYH-CUMC Department of Surgery filed a lawsuit against Candi Levine in New York City Civil Court in the County of New York.

26.     Candi Levine was never served with the summons and complaint.

27.     On or about December 4, 2008, NYH-CUMC Department of Surgery caused a default judgment to be entered against Candi Levine in the amount of $9,307.64.

28.     More than 15 years later, on or about January 18, 2023, Defendants mailed an "INFORMATION SUBPOENA WITH RESTRAINING NOTICE" to TD Bank.

29.     Candi Levine contacted TD Bank immediately after learning that the joint account she held with her husband, Mark Levine, had been restrained.

30.     TD Bank's levy department sent Candi Levine a copy of the "INFORMATION SUBPOEAN WITH RESTRAINING NOTICE" with an attached Exemption Claim Form. *See* <u>Exhibit A</u>, attached.

31.     In the restraining notice, Defendants correctly stated that a judgment had been entered against Candi Levine, but falsely stated that $21,287.26 was due and owing on the judgment.

32.     Demanding the amount of $21,287.26 was false, deceptive, unfair and unconscionable, because the interest included in that $21,287.26 figure was based upon a calculation of statutory interest at a rate of 9% per annum, when the applicable interest rate under N.Y. CPLR 5004 is 2% per annum.

33.     Because of Defendants' false, deceptive, unfair and unconscionable representations to the bank, on or about February 21, 2023, Plaintiffs' joint bank account was frozen in the amount of $42,574.52, representing twice the amount of the incorrect and unlawful figure of $21,287.26. *See* correspondence from TD Bank, attached as <u>Exhibit B</u>.

34.     To date, Plaintiffs have not been able to access these funds.

35.     To add insult to injury, Defendants moved for a turnover order against Candi Levine, Mark Levine, and TD Bank. *See* <u>Exhibit C</u>.

36.     But Defendants have not served Mark Levine, even though they are attempting to take away funds in which he has a legal interest.

37.     In other words, not only have Defendants unlawfully frozen $42,574.52, but they are attempting to steal Mark Levine's money without due process in the form of notice and an opportunity to be heard.

38.     Because of Defendants' unlawful actions, Plaintiffs Candi and Mark Levine have been forced to pay money to retain counsel to defend against the turnover order and to move to vacate the judgment and to stop the unlawful restraint of their funds at 9% rather than 2% interest.

39.     Furthermore, Defendants' actions have caused Plaintiffs to suffer emotional distress in the form of sleeplessness, agitation, embarrassment, humiliation, loss of time, lack of concentration, and stress amongst other injuries.

44.     But for Defendants' actions, Plaintiff would not have had $42,574.52 unlawfully money frozen, would not be incurring legal fees, costs, and expenses, and

would not be suffering emotional distress.

45.     Upon information and belief, Defendants are sending out hundreds of restraining notices to consumers and their banking institutions using fill-in-the-blank computer-driven forms with no meaningful attorney review or involvement.

46.     Had any attorney meaningfully reviewed Plaintiff Candi Levine's file or account or meaningfully reviewed New York law or the forms Defendants have been using, they would have complied with the amendment to CPLR 5004 that took effect on April 30, 2022, prohibiting collecting more than 2% interest on consumer debt judgments.

## COUNT I

### *Violations of Sections 1692e, e(2)(A), e(3), e(10), f, and f(1) of the Fair Debt Collection Practices Act* against Defendants

40.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

41.     Section 1692e of the FDCPA provides, in relevant part:

> *"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."*

42.     Section 1692e(2)(A) of the FDCPA provides, in relevant part:

> *A debt collector may not falsely represent "the character, amount, or legal status of any debt...."*

43.     Section 1692e(3) of the FDCPA provides, in relevant part:

> *A debt collector may not falsely represent or imply "that any individual is an attorney or that any communication is from an attorney."*

7

44.     Section 1692e(10) of the FDCPA prohibits:

> *"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

45.     Section 1692f of the FDCPA provides, in relevant part:

> *"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt or to obtain information concerning a consumer."*

46.     Section 1692f(1) of the FDCPA prohibits:

> *"The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."*

47.     Defendants' service of a restraining notice and information subpoena on Plaintiffs and TD Bank seeking 9% interest instead of 2% interest violated §§ 1692e, e(2)(A), e(3), e(10) f, and f(1) of the FDCPA.

48.     Defendants are liable to Plaintiffs for their violations of the FDCPA.

## COUNT II

### Violations of New York General Business Law § 349 against Defendants

49.     Plaintiffs repeat and re-allege each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

50.     Under New York General Business Law § 349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

51.     GBL § 349 provides in relevant part as follows:

a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

b. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

52.    By attempting to collect on an amount expressly prohibited—9% interest, rather than 2% interest—and causing Plaintiffs' bank account to be frozen in twice that amount and failing to serve Plaintiff Mark Levine with the turnover petition, Defendants have committed egregious consumer-oriented acts that have caused Plaintiffs to suffer actual injuries in the form of having their funds unlawfully frozen, having to pay attorney fees, costs, expenses, and suffering emotional distress.

53.    Defendants' actions have a broad impact on New York consumers at large, inasmuch as the Defendants appear to be running a high-volume debt-collection business using computer-driven fill-in-the-blank forms with no meaningful attorney review and are then automatically adding 9% simple to every restraining notice they send out, even though the law reducing the statutory rate of interest that could be collected from 9% to 2% took effect on April 30, 2022.

54.    As a direct and proximate result of Defendants' egregious conduct,

committed in willful and knowing violation of GBL § 349, Plaintiffs were and continue to be damaged in that they, among other things, have incurred and are incurring attorney fees, costs, and expenses, and have suffered mental distress, sleeplessness, agitation, embarrassment, humiliation, loss of time, lack of concentration, and stress amongst other injuries, and were forced to consult an attorney and spend time and energy as a result of Defendants' deceptive collection practices.

55.     Defendants are liable to Plaintiff for violations of GBL § 349.

WHEREFORE, Plaintiffs Candi Levine and Mark Levine ask that this Court enter judgment in their favor against Defendants as follows:

A.     A declaratory judgment that Defendants Paul J. Hooten and Paul J. Hooten & Associates' conduct violated the FDCPA;

B.     Statutory damages;

C.     Civil Penalties;

D.     Actual damages;

E.     Treble damages;

F.     Punitive damages;

G.     Attorneys' fees, litigation expenses, disbursements, allowances and costs; and

H.     Such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Please take notice that Plaintiff demands a trial by jury in this action.

Dated:        Brooklyn, New York
              April 24, 2023

                                        Respectfully submitted,

                                        BROMBERG LAW OFFICE, P.C.

                                        By: _/s/ Brian L. Bromberg_
                                             Brian L. Bromberg
                                             Attorney for Plaintiff

<u>Attorney for Plaintiff</u>
Brian L. Bromberg
Bromberg Law Office, P.C.
352 Rutland Road #1
Brooklyn, NY 11225
Tel: (212) 248-7906